UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE M. RICHARDSON,

    Plaintiff,

v.                                      CASE NO. 3:17-cv-578-J-34JBT

APRIL WASHINGTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 5). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In its prior Order (Doc. 6), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1) was deficient in several respects. In general, the Complaint did not contain sufficient factual allegations to state a claim

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

on which relief may be granted, and it was technically deficient.  (*See* Doc. 6.)  For example, the Court noted that "Plaintiff alleges primarily that he has not received adequate services and amenities while staying at [a] hotel," and that "he fails to allege sufficient facts to state any claim for relief or to establish jurisdiction."  (*Id.* at 3–4.)  Additionally, the Court stated that the Complaint "is a shotgun pleading that is disjointed, disorganized, and incomprehensible."  (*Id.* at 3.)  Therefore, Plaintiff was ordered to "file an amended complaint in compliance with [the prior] Order" on or before August 2, 2017.  (*Id.* at 5.)  Plaintiff was cautioned that if he "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action."  (*Id.*)

To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 5**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 15, 2017.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff